# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALAN GARNER, ) | 1:06-cv-01271-OWW-TAG HC |
| ) | |
| Petitioner, ) | ORDER DENYING PETITIONER'S MOTION |
| ) | FOR EXPEDITED DECISION (Doc. 4) |
| v. ) | |
| ) | ORDER DENYING PETITIONER'S |
| ) | REQUESTS FOR ENTRY OF DEFAULT |
| JEFFREY WRIGLEY, et al., ) | (Docs. 5 & 6) |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 15, 2006, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Eastern District of California, Fresno Division. (Doc. 1.) On September 27, 2006, Petitioner filed the instant Motion for Expedited Decision (Doc. 4), in which Petitioner requests that the Court rule on his petition in an expedited manner. On July 11, 2007, Petitioner filed two motions for entry of default judgment, contending that more than one hundred eighty days had elapsed since service on Respondent of the petition and that Respondent had not answered. (Docs. 5 & 6). For the reasons set forth below, the Court denies all of Petitioner's motions.

Regarding Petitioner's Motion to Expedite, the Court does not have a separate "expedited" calendar. The Court understands Petitioner's need and desire to have his case heard quickly as he believes that relief is warranted. However, the Court has pending before it at any given time *hundreds* of habeas cases wherein *each* prisoner alleges that relief is warranted and warranted immediately. Case management at the court proceeds by the order cases are received.

Due to the high volume of such cases and the Court's diligent handling of each case, a court decision often takes time. Petitioner can rest assured that the Court acts to resolve all pending cases in the most efficient manner possible. Petitioner may also rest assured that his case will be reviewed in the order in which it was received and that no other cases will be given priority over his, once his case is ready for review.

In this particular case, the Court has yet even to conduct its preliminary screening of the petition for jurisdictional purposes, nor has Respondent even entered an appearance in the case or filed a response to the petition. It would be wholly inappropriate to proceed to the merits of the petition at this early stage. Petitioner's case will be heard and considered in due course.

Regarding Petitioner's two motions for entry of default, Petitioner misconceives the habeas process in this Court. Although Petitioner may have served Respondent when he filed his petition on September 15, 2006, the Court has yet to order Respondent to file a response. As mentioned, the Court has yet to conduct its preliminary screening of the petition; thus, the Court has not made a determination whether Respondent will even be required to respond. Therefore, at this early juncture, there is no failure on Respondent's part that would trigger an entry of default.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Petitioner's Motion for Order of Court's Disposition (Doc. 4), is DENIED; and,

2. Petitioner's Motions for Entry of Default (Docs. 5 & 6), are DENIED.

IT IS SO ORDERED.

Dated:  **August 9, 2007**               /s/ **Theresa A. Goldner**
                                         UNITED STATES MAGISTRATE JUDGE