# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES ALAN GARNER, | ) | 1:06-cv-01271-OWW-TAG  HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS AND PETITIONER'S |
| | ) | MOTION FOR DEFAULT JUDGMENT |
| JEFFREY WRIGLEY, et al., | ) | (Doc.s 1, 8) |
| | ) | |
| Respondents. | ) | ORDER TO FILE OBJECTIONS WITHIN |
| | ) | TWENTY DAYS |

    Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

    On September 15, 2006, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1). In that petition, Petitioner, who is confined in the Taft Federal Correctional Institution, Taft, California, alleges that on December 12, 2005, he attempted to file an appeal from a decision by Respondent to impose a "one-level increase in [Petitioner's] custody level." (Id.). Subsequent administrative appeals were partially successful, resulting in a recommendation that Petitioner be transferred to a minimum security facility. (Id.). Respondent later informed Petitioner that, despite the recommendation for transfer, Respondent was not bound by that determination and that Petitioner would not be transferred. (Id.).

    On August 15, 2007, Petitioner filed a motion for default judgment. (Doc. 8). Petitioner's motion contends that on July 11, 2007, the Clerk of the Court entered default against respondents Jeffrey Wrigley, Warden of the Taft Federal Correctional Institution, and Harley Lappin, Director

1  of the Federal Bureau of Prisons ("collectively, Respondent"), and that in the absence of
2  Respondent's response, a default judgment is warranted. (Doc. 8, pp. 1-2).

3  **DISCUSSION**

4  A.  Petition for Writ of Habeas Corpus.

5  Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
6  review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
7  plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."
8  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490
9  (9th Cir.1990).

10  A habeas corpus action is the proper mechanism for a prisoner to challenge the fact or
11  duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973);  Badea v. Cox, 931
12  F.2d 573, 574 (9th Cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990); Crawford v.
13  Bell, 599 F.2d 890, 891-892 (9th Cir. 1979).  In contrast, a civil rights action pursuant to
14  42 U.S.C. § 1983, where the defendants are state actors, or proceeding on a Bivens[1] theory where
15  the defendants are federal actors, is the proper method for a prisoner to challenge the **conditions**
16  of that confinement.  See  McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991); Preiser, 411
17  U.S. at 499; Badea, 931 F.2d at 574; Tucker, 925 F.2d at 332.

18  Here, Petitioner is not questioning the fact or duration of his confinement.  Rather,
19  Petitioner is challenging the conditions of his confinement, specifically, Respondent's refusal to
20  transfer him to a minimum security facility and/or reduce his custody level.  However, habeas
21  corpus relief is not available to review of the conditions of a petitioner's confinement.  See
22  Crawford, 599 F.2d at 891-892.  This is because condition of confinement claims are not
23  redressable through a habeas corpus petition.  Id. at 891-892.  The appropriate remedy for such
24  violations, if proven, would be a judicially mandated change in conditions and/or an award of
25  damages; however, release from confinement is the **only** remedy available through habeas
26  corpus.  Id. at 892.

27  _____
28  [1]  Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

2

Petitioner has asked that this Court issue a writ of mandamus requiring Respondent to show cause why the relief requested by Petitioner, i.e., transfer to a minimum security facility, should not be granted. (Doc. 1, p. 10). The Court, through habeas corpus, does not have the authority to give Petitioner such a remedy. Because they concern the conditions of his confinement, Petitioner's claims are not cognizable on habeas corpus. As such, this action is not proper as a habeas corpus petition. Accordingly, the Court will recommend that the petition be dismissed.

B. <u>Motion for Default Judgment.</u>

Petitioner's motion for default judgment mistakenly contends that "[u]pon the request of the Petitioner, the Clerk of the Court entered the [d]efault of the Respondent on July 11, 2007." (Doc. 8, p. 1). In fact, no defaults have been entered in this case. (<u>See</u> Docket generally).

Prior to the instant motion, on July 11, 2007, Petitioner filed two requests for entry of default against Respondent, contending that more than 180 days had elapsed since the service of the petition and that Respondent had not answered. (Docs. 5, 6). On August 9, 2007, the Court issued an order denying Petitioner's requests for entry of default, concluding that because the case had not been screened for jurisdictional purposes and Respondent had neither entered an appearance nor been ordered to file a response to the petition, there is no failure on Respondent's part that would trigger an entry of default. (Doc. 7). There has been no change in circumstances since the Court's August 9, 2007 order, except that the Court has now screened the petition and determined that the petition fails to allege grounds that would entitle Petitioner to habeas corpus relief. Accordingly, there is no basis for a default judgment and Petitioner's motion for default judgment (Doc. 8) should be denied.

## **RECOMMENDATIONS**

Based on the foregoing, the Court RECOMMENDS that:

1. Petitioner's petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief; and

2. Petitioner's motion for default judgment (Doc. 8) be DENIED.

///

1    These Findings and Recommendations are submitted to the United States District Judge
2 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
3 the Local Rules of Practice for the United States District Court, Eastern District of California.
4 Within twenty (20) days after being served with a copy, any party may file written objections
5 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
6 to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
7 and filed within ten (10) court days (plus three days if served by mail) after service of the
8 objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to
9 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
10 specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951
11 F.2d 1153 (9th Cir. 1991).

13 IT IS SO ORDERED.
14 Dated:   **December 6, 2007**             **/s/ Theresa A. Goldner**
                                              UNITED STATES MAGISTRATE JUDGE